UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.09-82363-Civ-Hurley/Hopkins

NUKOTE INTERNATIONAL, INC.,

             Plaintiff,

vs.

OFFICE DEPOT, INC.,

             Defendant.

_____/

## REPORT AND RECOMMENDATION AS TO DEFENDANT'S MOTION TO DETERMINE ENTITLEMENT FOR ATTORNEY'S FEES (DE 72)

**THIS CAUSE** has come before this Court upon an Order referring Defendant's Motion to Determine Entitlement for Attorney's Fees to the undersigned for a Report and Recommendation.  (DEs 72, 74).  This Court has before it Defendant's Motion and supporting Memorandum, Plaintiff's Response, and Defendant's Reply.  (DEs 72, 73, 77, 79).  The matter is now ripe for review.  For the reasons that follow, this Court **RECOMMENDS** that the District Court **DENY** Defendant's Motion.  (DE 72).

## BACKGROUND

Plaintiff originally filed this matter as an adversary proceeding in October of 2009 in the Bankruptcy Court of the Middle District of Tennessee.  (DE 1; DE 73, pg. 2).  Thereafter, in November of 2009, the Court granted Defendant's motion to withdraw the reference to the Bankruptcy Court and transferred the case to the United States District Court for the Southern District of Florida.  (DEs 1, 31).  In February of 2010, Defendant filed a Motion to Dismiss, arguing that the case should be dismissed because Plaintiff failed to comply with a mediation provision contained in the parties' 2006 Vendor Agreement.  (DE 52, pgs. 2-3).  The day before

the parties were to appear for a hearing on Defendant's Motion, Plaintiff filed a Notice of

Voluntary Dismissal pursuant to Fed. R. Civ. P. Rule 41(a)(1), wherein Plaintiff stated that the

matter should be dismissed without prejudice to refile, so that the matter could be mediated

pursuant to the parties' agreement.  (DEs 69, 70).  As a result, the District Court entered an Order

of Close-Out, dismissing the case without prejudice to refile.  (DEs 70, 71).  Defendant's Motion

to Determine Entitlement to Attorney's Fees followed thereafter.  (DEs 72, 73).

## DISCUSSION

Defendant seeks to recover four hundred fifty thousand, two hundred ninety-four dollars

and sixty-five cents ($450,294.65), plus attorney's fees incurred in connection with its Motion

for Entitlement.  (DE 72, pg. 1).  In support of such request, Defendant argues, *inter alia*, that as

a result of Plaintiff's voluntary dismissal, it is the prevailing party entitled to fees pursuant to the

parties' 2006 Vendor Agreement.  (DE 72, pgs. 1; DE 73, pgs. 3-7) (*citations omitted*).  In

response, Plaintiff argues that (1) Plaintiff's voluntary dismissal does not confer prevailing party

status upon Defendant; (2) Defendant's request for attorney's fees should have first been

submitted to mediation; and, (3) Defendant failed to comply with the "meet and confer"

requirements of the local rules.  (DE 77, pgs. 1-10).

### Choice of Law

The parties' agreement contains a choice of law provision electing Florida law.  (DE 72,

exh. 1, pg. 17, ¶ 15.a).[1]  In addition, both parties cite Florida law in support of their respective

positions.  (DE 73, pgs. 1-5; DE 77, pgs. 1-8; DE 79, pgs. 7).

Generally speaking, where federal court jurisdiction rests on diversity of citizenship,

_____

[1]  This Court cites to the page number as contained in the top right hand corner, in the CM/ECF banner.

federal courts are required to apply federal procedural law, and state substantive law. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938); *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Entitlement to attorney's fees is usually deemed substantive for purposes of *Erie. See McMahon v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001) (noting that statutes allowing for the recovery of attorney's fees are substantive for *Erie* purposes), *modified on other grounds*, 311 F.3d 1077 (11th Cir. 2002). *See also Alyeska Pipeline Service Co. v. The Wilderness Society*, 421 U.S. 240, 259, n. 31 (1975) ("[I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.") (*as quoted in McMahon*, 256 F.3d at 1132).

"Generally, Florida enforces choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." *Mazzoni Farms v. E.I. DuPont De Nemours and Co.*, 761 So. 2d 306, 311 (Fla. 2000). A party seeking to avoid enforcement of a choice of law provision bears the burden of showing that "the foreign law contravenes public policy of the forum jurisdiction." *Mazzoni Farms*, 761 So. 2d at 311.

In light of the parties' agreement, and because no party has shown that Florida law contravenes the public policy of the Southern District of Florida, this Court will apply Florida law to determine whether Defendant is entitled to an award of attorney's fees as requested.

**Whether Defendant is a Prevailing Party under Florida Law**

The contractual provision relied upon by Defendant provides,

i.      Attorneys Fees. In the event of any litigation between the parties hereto with respect to the Agreement, the prevailing party (the party entitled to recover costs of suit, at such time as all appeals have been exhausted or the

3

> time for taking such appeals has expired) shall be entitled to recover
> reasonable attorney's fees, including fees incurred at the appellate level, in
> addition to such other relief as the court may award.

(DE 72, exh. 1, pg. 17, ¶ 15.i.)

Under Florida law, a prevailing party for purposes of attorney's fees is the party that

succeeds "on any significant issue in the litigation which achieves some of the benefit the parties

sought in bringing suit." *Sanchez v. Swire Pacific Holdings, Inc.*, No. 09-20235-Civ, 2009 WL

2005272, *3 (S.D. Fla. July 9, 2009) (*quoting Moritz v. Hoyt Enter., Inc.*, 604 So. 2d 807, 810

(Fla. 1992) (adopting the federal definition for prevailing party as enunciated in *Hensley v.*

*Eckerhart*, 461 U.S. 424, 433 (1983)). *See also Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*,

697 F. Supp. 2d 1349, 1355 (S.D. Fla. 2010) (*same*) (*citing Sanchez*, 2009 WL 2005272 at *3);

*Green Co., Inc. v. Kendall Racquetball Inv., Ltd.*, 658 So. 2d 1119, 1121 (Fla. Dist. Ct. App.

1995) (noting that in *Moritz*, the Florida Supreme Court adopted the *Hensley* test for prevailing

party status for purposes of attorney's fees); *Shaw v. Schlusemeyer*, 683 So. 2d 1187, 1188 (Fla.

Dist. Ct. App. 1996) (noting that the "prevailing party" is the party who prevails on the

significant issues in the litigation) (*citing Moritz*, 604 So. 2d 807).

A determination of prevailing party status requires either "(1) a situation where a party

has been awarded by the court at least some relief on the merits of his claim, or (2) a judicial

imprimatur on the change in the legal relationship between the parties." *Sanchez*, 2009 WL

2005272 at *3 (*quoting Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003)

(*quoting Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human*

*Servs.*, 532 U.S. 598, 604-605 (2001)). Put another way, for a party to be "prevailing," there

must be a "judicially sanctioned change in the legal relationship of the parties." *Sanchez*, 2009

WL 2005272 at *4 (*quoting Buckhannon*, 523 U.S. at 605, *as quoted in Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101 (2d Cir. 2006)).

Courts have held that dismissals without prejudice do not meet the test required for a determination of prevailing party status. *See Sanchez*, 2009 WL 2005272 at *4 (*collecting cases*). *See also Dattner*, 458 F.3d at 101 (noting that for a party to be "prevailing," there must be a "judicially sanctioned change in the legal relationship of the parties.") (*quoting Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 605) (*other citations omitted*); *Citizens for a Better Environment v. Steel Co.*, 230 F.3d 923, 929-930 (7th Cir. 2000) (noting that the United States Supreme Court has stated that the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties") (*quoting Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-793 (1989)); *Szabo Food Serv. Inc. v. Canteen Corp.*, 823 F.2d 1073, 1076-1077 (7th Cir. 1987) (holding that defendant was not "prevailing party" where complaint was dismissed without prejudice because the dismissal without prejudice was not a decision on the merits, and the defendant remained at risk); *Keene Corp. v. Cass*, 908 F.2d 293, 298 (8th Cir. 1990) ("To be a prevailing party . . . a party must succeed on some claim or significant issue in the litigation which achieves some benefit the parties sought . . . Where a complaint has been dismissed for lack of subject matter jurisdiction, the [d]efendant has not prevailed over the plaintiff on any issue central to the merits of the litigation."))

As noted by Defendant, (DE 73), some Florida courts have held that where a plaintiff voluntarily dismisses an action, the defendant may be deemed the prevailing party for purposes of attorney's fees. *See Thornber v. City of Fort Walton Beach*, 568 So.2d 914, 919 (Fla. 1990) ("In general, when a plaintiff voluntarily dismisses an action, the defendant is the prevailing

party.") (*citing Stuart Plaza, Ltd. v. Atlantic Coast Dev. Corp.*, 493 So. 2d 1136 (Fla. Dist. Ct.

App. 1986)).  *See also Alhambra Homeowner's Ass'n v. Asad*, 943 So. 2d 316, 319-321 (Fla.

Dist. Ct. App. 2006) (*collecting cases*); *Padow v. Knollwood Club Ass'n, Inc.*, 839 So. 2d 744,

746 (Fla. Dist. Ct. App. 2003) (acknowledging "the general rule stated in *Thornber*"); *Ajax

Paving Indus., Inc. v. Hard away Co.*, 824 So. 2d 1026, 1029 (Fla. Dist. Ct. App. 2002) (*same*).

However, other Florida courts have opined that dismissals without prejudice do not

*automatically* confer prevailing party status.  *See Shaw*, 683 So. 2d at 1188 (holding that trial

court erred in awarding attorney's fees where the dismissal was based on procedural grounds and

not a determination of any significant issue on the case, and because the dismissal order did not

bring the litigation to an end); *Simmons v. Schimmel*, 476 So. 2d 1342 (Fla. Dist. Ct. App. 1985)

(finding that plaintiff's voluntary dismissal of case as to all but one defendant did not render the

remaining defendant a prevailing party because the dismissal was made for strategic purposes,

and there was no end to the litigation); *Mitchell v. Beach Club of Hallandale Condominium

Ass'n, Inc.*, 17 So. 3d 1265, 1266 (Fla. Dist. Ct. App. 2009) (reversing trial court's award of

attorney's fees after dismissal of complaint without prejudice to refile because the dismissal was

based on jurisdictional grounds) (*citing Shaw*, 683 So. 2d 1187); *Padow*, 839 So. 2d at 746

(finding that the case presented an exception to the *Thornber* general rule because even though

the plaintiff homeowner's association voluntarily dismissed the case, the defendant homeowner

could not be considered a prevailing party because he voluntarily paid a substantial portion of the

plaintiff's claim prior to dismissal).

Defendant's reliance on its cited cases is not well taken for several reasons.  First, the

"general rule" of *Thornber* remains unsettled.  *See Alhambra Homeowner's Ass'n*., 943 So. 2d at

321(certifying conflict with *Simmons*, 476 So. 2d 1342).[2]

Second, a recent Florida court opinion suggests that a defendant may be rendered the prevailing party after a plaintiff's voluntary dismissal by virtue of operation of Fla. R. Civ. P. 1.420(a)(1) and an applicable attorney's fees statute, which is not the situation at hand.  *See Black Diamond Properties, Inc. v. Haines*, 36 So. 3d 819, 821 (Fla. Dist. Ct. App. 2010) ("Our court has held that a defendant is a prevailing party when the plaintiff voluntarily dismisses an action pursuant to rule 1.420(a)(1) and, therefore, the defendant is entitled to recover attorney's fees under a prevailing party attorney's fee statute.") (*quoting Vidibor v. Adams*, 509 So. 2d 973 (Fla. Dist. Ct. App. 1987).  The instant case does not concern Florida Rule 1.420(a)(1),[3] and Defendant does not rely on any Florida attorney's fees statute.

Third, while Defendant's cited cases concern entitlement to attorney's fees under various Florida statutes, the instant case involves entitlement under a contractual provision.  *See Alhambra Homeowner's Ass'n*, 943 So. 2d at 317-321 (attorney's fees under Fla. Stat. § 720.305(1); *Frazier v. Dreyfuss*, 14 So. 3d 1183, 1184-1184 (Fla. Dist. Ct. App. 2009) (attorney's fees under Fla. Stat. § 517.2116(6)); *Shave v. Stanford Financial Group, Inc.*, No. 07-60749-Civ, 2008 WL 3200705, *2 (S.D. Fla. Aug. 6, 2008) (attorney's fees under Fla. Stat. § 415.1111).

At first blush, the case of *Prescott v. Anthony*, 803 So. 2d 835, 836 (Fla. Dist. Ct. App.

---

[2]   This Court has been unable to locate any opinion issued by the Florida Supreme Court addressing the certified conflict.  Under the Florida Rules of Appellate Procedure, Florida Supreme Court review of a certified conflict is discretionary.  *See* Fla. R. App. P. 9.030(a)(2)(A)(vi) (2010) ("The discretionary jurisdiction of the supreme court may be sought to review . . . decisions of the district courts of appeal that . . . are certified to be in direct conflict with decisions of other district courts of appeal . . .")

[3]   As noted previously, federal procedural law applies in this diversity action.  *See Erie Railroad Co.*, 304 U.S. at 78-79.  Plaintiff's Notice of Voluntary Dismissal cites to Fed. R. Civ. P. 41(a)(1).  (DE 70).

2001), would seem to support Defendant's position because the court held that the Prescotts were entitled to attorney's fees because (1) the contract provided for attorney's fees to the prevailing party; and, (2) the complaint had been voluntarily dismissed without prejudice.

However, the instant case is distinguishable from *Prescott* in a key respect. Here, Plaintiff's Notice of Voluntary Dismissal Without Prejudice specifically acknowledged that the parties would likely be mediating the issues, as required by the terms of their agreement. (DE 70, pgs. 1-2). In *Prescott*, the reason for the plaintiff's voluntary dismissal is not reported. 803 So. 2d at 836-837. Plaintiff's stated reason for dismissal renders the instant case more analogous to *Shaw*, *Simmons*, *Mitchell*, and *Sanchez* because just as in those cases, Plaintiff's dismissal was based on procedural grounds. Given the reason for Plaintiff's voluntary dismissal, it cannot be said that the litigation between the parties has been put to an end, or that the parties' legal relationship has been altered in any substantive way. Because there has been no judicially sanctioned change in the legal relationship of the parties, it follows that Defendant would not be entitled to attorney's fees at this stage.

The Florida Supreme Court has stated that *Moritz* applies "where there might be some confusion as to who actually is the prevailing party–where neither party has neither won nor lost, but both can potentially claim attorney's fees." *Danis Indus. Corp. v. Ground Improvement Techniques*, 645 So. 2d 420, 421 (Fla. 1994). Here, there is arguably some confusion as to who actually is the prevailing party at this stage of the proceedings in that neither Plaintiff nor Defendant has won or lost as a result of Plaintiff's voluntary dismissal. In light of such ambiguity, it appears that the *Mortiz* and *Hensley* analytical framework should be applied herein. And, for the reasons stated above, application of such analysis leads to a conclusion that

Defendant is not the prevailing party.


## RECOMMENDATION

In light of the foregoing, this Court **RECOMMENDS** that the District Court **DENY**

Defendant's Motion to Determine Entitlement for Attorney's Fees.  (DE 72).[4]


## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation

with the Honorable Daniel T. K. Hurley, Senior United States District Court Judge for the

Southern District of Florida, within fourteen (14) days of being served with a copy of this Report

and Recommendation.  *See* 28 U.S.C. § 636(b)(1) (2009) (providing that "within fourteen days

after being served with a copy, any party may serve and file written objections to such proposed

findings and recommendations as provided by rules of court.").  *See also* Fed. R. Civ. P. 72(b)

(2009) ("Within 14 days after being served with a copy of the recommended disposition, a party

may serve and file specific written objections to the proposed findings and recommendations.  A

party may respond to another party's objections within 14 days after being served with a copy.")

Failure to timely file objections shall bar the parties from attacking on appeal the factual findings

contained herein.  *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S.

---

[4]  This Court's conclusion renders moot the issues of mediation and compliance with the Local Rules.

9

958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).

   **DONE AND SUBMITTED** in Chambers this 30 day of September, 2010, at West Palm

Beach in the Southern District of Florida.


*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE


Copies to:
The Hon. Daniel T. K. Hurley, Senior United States District Court Judge for the Southern
District of Florida
Counsel of Record