UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-82363-CIV-HURLEY/HOPKINS

**NUKOTE INTERNATIONAL, INC.,**

    Plaintiff,

v.

**OFFICE DEPOT, INC.,**

    Defendant .
_____/

### ORDER SUSTAINING DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES, AND REMANDING CASE TO MAGISTRATE JUDGE

**THIS CAUSE** is before the court upon defendant Office Depot, Inc.'s ("Office Depot") motion to determine entitlement to attorneys' fees [DE # 72], and the report and recommendation of the Honorable James M. Hopkins, United States Magistrate Judge [DE # 82], recommending that the court conclude that Office Depot is not entitled to attorneys' fees.  Office Depot filed objections to the report and recommendation [DE # 83].  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the court has reviewed the report and recommendation *de novo*.

Nukote filed this action against Office Depot on September 8, 2009, asserting, among other things, claims for breach of contract and negligent and fraudulent misrepresentation.  Office Depot moved to dismiss the complaint on the ground that Nukote failed to comply with the contract's "Dispute Resolution" clause, which requires the parties to mediate any dispute arising under the contract before proceeding to litigation.  The court scheduled oral argument on Office Depot's motion.  The day before oral argument, Nukote filed notice of voluntary dismissal without prejudice, admitting that "existing Eleventh Circuit law requires that the mediation provision be complied with prior to filing suit and that the mediation is a condition precedent to seeking relief before the Court."

*See* DE # 70.

After Nukote's voluntary dismissal, Office Depot moved for attorneys' fees, claiming that, under the contract, it is entitled to fees as the "prevailing party." The contract provides:

> In the event of any litigation between the parties hereto with respect to the Agreement, the prevailing party (the party entitled to recover costs of suit, as such time as all appeals have been exhausted or the time for taking such appeals has expired) shall be entitled to recover reasonable attorney's fees, including fees incurred at the appellate level, in addition to such other relief as the court may award.

(DE # 72, exh. 1, p. 17)

The magistrate judge's report recommends that Office Depot's motion be denied on the ground that Office Depot is not the prevailing party. In reaching that recommendation, the report applies a test established by the Florida Supreme Court in *Moritz v. Hoyt Enters., Inc.*, 604 So.2d 807 (Fla. 1992).[1] The *Moritz* test provides: "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." *Id.* at 810. The magistrate judge's report reasoned that since "neither Plaintiff nor Defendant ha[d] won or lost as a result of Plaintiff's voluntary dismissal," neither party had prevailed on the significant issues in the litigation.

The report's reliance on *Moritz* is misplaced. In that case, the Florida Supreme Court took up the question of what test to apply to determine who is the prevailing party when both parties recover a judgment; the court did not decide what test applies when neither or only one party recovers a judgment. *Id.* at 808. Indeed, subsequent decisions make clear that *Moritz* applies "only

---

[1] The magistrate judge's report also cited several decisions from the federal circuit and district courts for the proposition that "dismissals with prejudice do not meet the test required for a determination of prevailing party status." Here, however, all parties agree that Florida law applies; Federal case law has not bearing on Office Depot's entitlement to attorneys' fees.

2

where there might be some confusion as to who actually is the prevailing party – where neither party has fully won nor fully lost, but both potentially can claim attorneys' fees." *Danis Industries Corp. v. Ground Improvement Techniques, Inc.*, 645 So.2d 420, 421 (Fla.1994).  When there is no such confusion, the "entire rational for *Moritz* . . . is simply inapplicable." *Id.*  Here, the only party which could have prevailed at this stage of the litigation, if any, is Office Depot.  Consequently, *Moritz* does not apply.  *See Black Diamond Props., Inc. v. Haines*, 36 So.3d 819, 822 (Fla. 5th DCA 2010) (explaining that *Moritz* does not apply when a plaintiff files a voluntary dismissal).

Rather than applying the *Moritz* test, the report should have followed the rule established by the Florida Supreme Court in *Thornber v. City of Fort Walton Beach*, that "when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party."  568 So.2d 914, 919 (Fla. 1990). Florida courts have consistently followed *Thornber*, saying that it is the "general rule" and it applies to both "statutory or contractual provisions awarding attorney's fees to the 'prevailing party' in litigation." *Alhambra Homeowners Ass'n, Inc. v. Asad*, 943 So.2d 316, 318 (Fla. 4th DCA 2006) (collecting cases); *see Prescott v. Anthony*, 803 So.2d 835, 836-37 (Fla. 2d DCA 2001).  The *Thornber* rule applies even if the dismissal is without prejudice, *see Alhambra*, 943 So.2d at 318, and "despite the fact the case has not been resolved on the merits," *Ajax Paving Indus., Inc. v. Hardaway Co.*, 824 So.2d 1026, 1029 (Fla 2d DCA 2002).

A recent case from Florida Fourth District Court of Appeal is on point.  In *Alhambra*, the plaintiff voluntarily dismissed its action without prejudice after the defendants filed a motion for summary judgment on the ground that the plaintiff failed to comply with a state statute requiring that plaintiff request mediation before filing suit.  943 So.2d at 317.  After an unsuccessful mediation, the plaintiff refiled its action and obtained damages and injunctive relief.  *Id.* at 318.  Despite their

3

eventual loss, the defendants sought recovery, pursuant to a state statute allowing the prevailing party to recover its fees, of the fees they incurred before the second suit was filed. *Id.* The court found in the defendant's favor, reasoning:

> [The defendants] correctly asserted the defense of failure of a condition precedent. In the face of a likely adverse ruling on the [the defendants'] motion for summary judgment, the Association opted for a voluntary dismissal without prejudice. The refiling of the same suit after mediation does not alter the [the defendants'] right to recover prevailing party attorney's fees incurred in defense of the first suit.

*Id.* at 319. Although *Alhambra* involved a statutory right to recover attorneys' fees, other Florida decisions makes clear that its holding also applies in contractual fee-shifting cases. *See, e.g., Hardaway,* 824 So.2d at 1029.

Applying the *Thornber* rule here, the court concludes that Office Depot is entitled to recover its attorneys' fees. Although Nukote dismissed its claims without prejudice and with the possibility of refiling the action if mediation is not fruitful, Florida case law makes clear that Office Depot is the prevailing party as a result of Nukote's voluntary dismissal. *See Alhambra*, 943 So.2d at 318.[2]

In its response to Office Depot's objections, Nukote makes much of the following language of the fee-shifting provision: "at such time as all appeals have been exhausted or the time for taking such appeals has expired." Nukote claims that this language limits the scope of the term "prevailing party" to a party who obtains an appealable judgment. Since a voluntary dismissal without prejudice

---

[2] The court's conclusion is supported by the language of the "prevailing party" provision itself, which defines "prevailing party" as "the party entitled to recover costs of suit." Here, federal law governs the award of costs. *See Champion Produce, Inc. V. Ruby Robinson Co. Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003) ("An award of standard costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases."). Under federal law, the court may award costs to Office Depot for obtaining a voluntary dismissal without prejudice. *See Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Given that Office Depot may recover its costs of suit in this case, it is the prevailing party as that term is defined in the contract.

is a non-appealable order, Nukote argues that Office Depot is not the prevailing party under the contract.[3]

Nukote's argument is unconvincing. "In construing the language of a contract, [the court must] arrive at a reasonable interpretation of the text of the entire agreement to accomplish its stated meaning and purpose." *Murley v. Wiedamann*, 25 So.3d 27, 29 (Fla. 2d DCA 2009). Here, the phrase "at such time" creates a temporal limitation to the recovery a fees, restricting the determination of which party prevailed until after an appeal has been taken or the time for appealing has expired. The phrase cannot be reasonably read to create a carve-out to recovery of fees in the event of a non-appealable order. Since neither party may appeal Nukote's voluntary dismissal, there is no need to wait for appeals to be exhausted to determine which party has prevailed.

For the reasons given above, it is **ORDERED** and **ADJUDGED** that:

1. Defendant's objections [DE # 83] to the magistrate judge's report and recommendation [DE # 82] are **SUSTAINED**.

2. Defendant's motion to determine entitlement to attorneys' fees [DE # 72] is **GRANTED**. The court concludes that defendant in entitled to recover its reasonable attorneys' fees.

3. Pursuant to Fed. R. Civ. P. 72, this matter is **REMANDED** to United States Magistrate Judge James M. Hopkins for a report and recommendation on the amount of reasonable attorneys' fees defendant should be awarded.

---

[3] The court notes that this argument was not presented to the magistrate judge. Although the court may, in its discretion, "decline to consider a party's argument when that argument was not first presented to the magistrate judge," *Williams v. McNeil*, 557 F.3d 1287, 1291-92, the court has carefully considered Nukote's argument.

Order Sustaining Defendant's Objections to R&R , Granting Defendant's Motion for Attorneys' Fees
Nukote Inernational, Inc. v. Office Depot, Inc.
Case No. 09-82363-CIV-HURLEY/HOPKINS

    **DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this 30th day of November,

2010.

                       _____
                        Daniel T. K. Hurley
                        United States District Judge

*Copies provided to counsel of record*