UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-82363-CIV-HURLEY/HOPKINS

NUKOTE INTERNATIONAL, INC.,

    Plaintiff,

v.

OFFICE DEPOT, INC.

    Defendant.
_____/

## ORDER SUSTAINING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES

**THIS CAUSE** is before the court upon defendant's motion for attorneys' fees [DE # 72], and the report and recommendation of the Honorable James M. Hopkins, United States Magistrate Judge [DE # 96], recommending that the court award defendant fees in the amount of $417,194.20. Plaintiff filed objections to the report and recommendation [DE # 97]. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the court has reviewed *de novo* those portions of the report and recommendation to which objections have been made.

The relevant background of the case is as follows. In June 2009, plaintiff, Nukote International, Inc. ("Nukote"), filed a voluntary Chapter 11 bankruptcy petition in the Middle District of Tennessee. On September 8, 2009, Nukote filed this action against Office Depot, Inc. ("Office Depot"), asserting claims for breach of contract and misrepresentation as well as several claims under the Bankruptcy Code. While this action was pending, the bankruptcy court confirmed Nukote's reorganization plan, and the plan became effective on February 17, 2010. On April 27, 2010, Nukote filed a notice of voluntary dismissal of the instant action, and on April 28, 2010, this

court dismissed Nukote's case without prejudice.

Thereafter, Office Depot filed a motion to determine whether it was entitled to attorneys' fees based on a provision in the parties' contract that said that "the prevailing party [in any litigation] shall be entitled to recover reasonable attorney's fees." The court referred the motion to the magistrate judge, who recommended that the court conclude that Office Depot was not entitled to attorneys' fees. The court sustained Office Depot's objections to the magistrate judge's report and recommendation, determined that Office Depot was entitled to its fees as the prevailing party, and remanded the matter to the magistrate judge to determine the amount of fees Office Depot should be awarded.

Nukote requested that it be allowed to file a brief on the issue of fees, and the magistrate judge granted the request. Nukote's brief argued that Office Depot was not entitled to attorneys' fees for any work performed prior to the date of confirmation of Nukote's reorganization plan, relying on the following section of the Bankruptcy Code: "[e]xcept as otherwise provided . . . in the plan, or in the order confirming the plan, the confirmation of a plan . . . discharges the debtor from any debt that arose before the date of such confirmation." 11 U.S.C. § 1141(d)(1)(A).

In his report and recommendation, the magistrate judge did not consider the merits of Nukote's argument. Instead, he concluded that Nukote had waived the argument by failing to meaningfully present it in opposition to Office Depot's initial motion regarding entitlement to fees. Accordingly, the magistrate judge recommended that the court award all of Office Depot's reasonable fees, including those incurred before confirmation of Nukote's reorganization.

Nukote argues that the magistrate judge erred in finding that it waived its argument. The court agrees. Office Depot's motion to determine entitlement to fees dealt only with the issue of

2

whether it was entitled to fees as the "prevailing party" under the parties' contract. Nukote's argument that Office Depot could not recover fees for work performed before confirmation of Nukote's reorganization plan, on the other hand, deals with the issue of the amount of fees Office Depot could recover. Nukote was therefore not required to present that argument in response to Office Depot's motion regarding entitlement and, consequently, no wavier occurred.

Even if Nukote should have made that argument in response to Office Depot's motion, the court would conclude that Nukote did in fact make the argument. Nukote's opposition to Office Depot's motion regarding entitlement contains a section with the following heading: "In the event Office Depot's motion is granted, the Court should reduce Office Depot's claim because part of the claim is governed by the Bankruptcy Court's Plan of Reorganization." *See* DE # 77, pp. 9-10. Although the section was only one page long and contained no citations to case law, it contained sufficient argument and analysis to allow the court to meaningfully address Nukote's argument.

Having found that Nukote did not waive its argument, the court proceeds to determine whether Office Depot is entitled to recover its fees incurred before confirmation of Nukote's reorganization plan. According to the Bankruptcy Code, all of Nukote's debt that arose before the confirmation of the bankruptcy plan was discharged. 11 U.S.C. § 1141(d)(1)(A). The Bankruptcy Code defines "debt" as "liability on a claim." 11 U.S.C. § 101(12). A "claim," in turn, is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5). The term "[c]laim" has "the broadest available definition," *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991), "so that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case." *Epstein v. Official Comm. of*

3

*Unsecured Creditors of Estate of Piper Aircraft Corp.,* 58 F.3d 1573, 1576 n. 2 (11th Cir.1995). *See also In re Chase & Sanborn Corp.*, 904 F.2d 588, 595 (11th Cir. 1990) ("It is established that 'debt' is to be given a broad and expansive reading for purposes of the Bankruptcy Code.").

A "debtor incurs a debt to a creditor when the creditor has a claim against the debtor, *even if the claim is unliquidated, unmatured, unfixed, or contingent*." *In re Tanner Family, LLC*, 556 F.3d 1194 (11th Cir. 2009) (emphasis in original). "Under contract law, an 'unmatured' or 'contingent' claim refers to obligations that will become due upon the happening of a future event that was within the actual or presumed contemplation of the parties at the time the original relationship between the parties was created." *In re Water Valley Finishing, Inc.,* 139 F.3d 325, 328 (2d Cir. 1998) (per curiam).

Applying the Bankruptcy Code's broad definition of "claim," the court concludes that Office Depot possessed a contingent claim for attorneys' fees before Nukote's reorganization plan became effective. The inclusion of the attorneys' fees provision in parties' contract signals that the parties actually or presumedly contemplated the possibility of litigation, and the provision establishes Office Depot's "right to payment" of its attorneys' fees. Although Office Depot's ability to recover its fees was contingent on it becoming the prevailing party in this litigation, "the contingent nature of the right to payment does not change the fact that the right to payment exists, even if it is remote, and thereby constitutes a 'claim' for purposes of § 101(5)." *In re Rodriguez*, 629 F.3d 136, 142 (3d Cir. 2010). Nor does it not matter that the amount of attorneys' fees could not be determined on the date the claim arose. *Ogle v. Fidelity & Deposit Co. Md.*, 586 F.3d 143, 147 (2d Cir. 2009). Accordingly, Office Depot's claim for attorneys' fees incurred before its plan was confirmed constituted a pre-confirmation debt that was discharged in Nukote's bankruptcy. *See In re*

*Kirkpatrick*, 216 B.R. 663, 666 (Bankr. M.D. Fla. 1997) (holding that a post-petition award of attorneys' fees for a pre-petition lawsuit amounted to a "contingent, unliquidated claim, clearly within the definition of the term 'claim' as defined by § 101(5) of the Code"); *see also In re Gullone*, 301 B.R. 683 (Bankr. D.N.J. 2003) (same).

The confirmation of a debtor's Chapter 11 plan discharges its pre-confirmation liabilities only. *Shure v. Vermont (In re Sure-Snap)*, 983 F.2d 1015, 1018 (11th Cir. 1993). A debtor who "voluntarily continue[s] to litigate" its case after confirmation of its reorganization and leaves a creditor with "no choice but to defend" does so "at the risk of incurring post-confirmation costs involved in its acts." *Id.; see also In re Ybarra*, 424 F.3d 1018, 1024 (9th Cir. 2005) ("[P]ost-petition attorney fee awards are not discharged where post-petition, the debtor voluntarily pursue[d] a whole new course of litigation, commenced litigation, or return[ed] to the fray voluntarily."). Here, Nukote continued litigating this case after confirmation of its plan, and Office Depot had no choice but to defend against Nukote's claims. Nukote is thus responsible for the attorneys' fees Office Depot incurred after the bankruptcy confirmation, specifically, $48,960.93.

For the reasons given above, it is **ORDERED** and **ADJUDGED** that:

1. Plaintiff's objections [DE # 97] to the magistrate judge's report and recommendation [DE # 96] are **SUSTAINED**.

2. Defendant's motion for attorneys' fees [DE # 72] is **GRANTED IN PART**. Defendant is entitled only to the attorneys' fees it incurred after confirmation of Nukote's bankruptcy plan, namely, $48,960.93.

3. Pursuant to Fed. R. Civ. p. 58(a), the court will enter final judgment by separate order.

Order Sustaining Objections to R&R and Granting In Part Defendant's Motion for Attorneys' Fees
Nukote International, Inc. v. Office Depot, Inc.
Case No. 09-82363-CIV-HURLEY/HOPKINS

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 14th day of July, 2011.

_____
Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*
Hon. James M. Hopkins