UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-82363-CIV-HURLEY/HOPKINS

NUKOTE INTERNATIONAL, INC.,

              Plaintiff,

vs.

OFFICE DEPOT, INC.,

              Defendant.
_____/



FILED by _____ D.C.

NOV - 6 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SANCTIONS (DE 112)

**THIS CAUSE** is before the Court upon an Order referring Defendant's post-judgment Motion to Compel and Motion for Sanctions (DE 112) to the undersigned United States Magistrate Judge for a report and recommendation as to sanctions and for final disposition as to the request to compel (DE 120). On July 31, 2014, the undersigned issued an order on the request to compel but reserved ruling on the request for sanctions (DE 123). After several hearings and the receipt of the supplemental briefs detailed below, this matter is now ripe for this Court's review.

For the reasons stated below, the undersigned recommends that Defendant's Motion for Sanctions (DE 112) be **GRANTED in part and DENIED in part**.

### BACKGROUND

In April 2010, Plaintiff voluntarily dismissed this case without prejudice (DE 70). In April 2012, the District Court found that despite the dismissal, Plaintiff was liable to Defendant as the prevailing party for $94,810.33 in attorney's fees, plus interest (DE 101, 111). After a set-

off relating to Plaintiff's bankruptcy proceedings, the amount currently due to Defendant is approximately $80,000 (DE 113, p. 2).

In aid of execution of that judgment, Defendant served Plaintiff with interrogatories and requests for production on May 2, 2014. Plaintiff did not respond by the deadline for production. During a subsequent meet and confer, Defendant extended the deadline to June 23, 2014. After still not receiving anything, Defendant again extended the deadline to June 27, 2014. After Defendant still did not receive anything,[1] it filed the instant Motion and corresponding Memorandum of Law on July 1, 2014, seeking an order that Plaintiff be required to produce the requested discovery (DE 112, 113). Since appropriate discovery was not produced as required under the Federal Rules of Civil Procedure, Defendant requests that Plaintiff be sanctioned. Specifically, Defendant seeks attorney's fees and costs incurred in relation to its Motion, and also asserts that because it has not been able to collect the previously awarded attorney's fees, the more severe sanction of converting the dismissal without prejudice to a dismissal with prejudice is appropriate.

The undersigned held three hearings on Defendant's Motion. At the first hearing, on July 31, 2014, the Court granted in part and denied in part Defendant's Motion to Compel and ordered Plaintiff to supplement the deficient discovery responses by August 15, 2014 (DE 122, 123). The Court reserved ruling on Defendant's request for sanctions pending Plaintiff's anticipated compliance (DE 123). On August 25, 2014, Defendant filed a supplemental brief, contending that Plaintiff's supplemental responses were deficient (DE 125). Plaintiff filed a

---

[1] Plaintiff contends that its discovery responses were placed in the mail on June 27, 2014 pursuant to the second extension granted by Defendant. Nevertheless, Plaintiff's promise that the discovery responses would be in Defendant's "hands by the close of business" on June 27 (DE 113-8, p. 2) was broken, especially considering that the first set of responses was unverified in violation of Federal Rule of Civil Procedure 33(b)(3).

response, arguing that despite Defendant's arguments to the contrary, it had provided adequate and appropriate discovery responses (DE 127). In light of this disagreement concerning the scope of discovery, the Court held a second hearing on August 28, 2014 (DE 128). At that time, the Court ordered Plaintiff to supplement its production to the extent agreed at the hearing by September 5, 2014 (DE 129). The Court again reserved ruling on the request for sanctions pending Plaintiff's anticipated compliance (DE 129).

On October 2, 2014, the Court entered an Order directing Defendant to file a status report concerning its Motion for Sanctions (DE 130), which it did on October 10, 2014 (DE 131). Therein, Defendant states that at the time the Status Report was filed, Plaintiff had produced five different versions of discovery responses, yet each version is either incomplete or contains materially false statements.[2] Based on Plaintiff's alleged disregard for discovery obligations, Defendant renewed its request for sanctions.

Despite being ordered by the Court to respond to Defendant's allegations (DE 132), Plaintiff failed to do so. Nevertheless, because of the severity of the requested sanctions, the undersigned issue a Show Cause Order on October 22, 2014 (DE 133). Therein, the Court set a sanctions hearing for October 30, 2014, and ordered Plaintiff to file a response to both Defendant's Status Report (DE 131) and the Order to Show Cause.

---

[2] Defendant's assertion that Plaintiff's responses contained false statements is somewhat questionable. For example, although Defendant claims that Plaintiff lied when it stated that it had not received a cash infusion in 2010 (DE 131, p. 8), Plaintiff actually stated that it had received no revenue, funds, or income of any kind "since mid-2010" (DE 131-3, p. 6); accordingly, the fact that Plaintiff received a cash infusion in *early* 2010 does not make the Plaintiff's statement false. Similarly, Defendant contends that Plaintiff lied by not disclosing payments received in 2011 for real and intellectual property (DE 131, p. 8), but Plaintiff provides a somewhat plausible explanation that none of the payments were ever directed towards Plaintiff; instead, Plaintiff contends, these transactions were "handled exclusively by a secured lender" and thus would not typically be considered assets (DE 135, p. 7).

Plaintiff responded to the Show Cause Order on October 28, 2014 (DE 135). In its Response, Plaintiff disputes that its discovery responses contain false statements, contending instead that its discovery responses are correct and the documents relied on by Defendant to argue otherwise are inaccurate. Furthermore, Plaintiff claims that the various amendments to its discovery responses are in fact evidence of good faith because such amendments show that Plaintiff was actively engaged in searching for and providing accurate information and in satisfying Defendant's subsequent requests.

At the sanctions hearing, Defendant detailed its complaints against Plaintiff in regards to the instant discovery dispute. Plaintiff responded by reiterating its defenses as laid out in its Response to the Show Cause Order, but more importantly, provided additional explanation concerning how Plaintiff's attorneys had missed crucial details. According to Plaintiff, personal issues, in-house computer glitches, and general oversight caused Plaintiff to miss the original discovery request as propounded on May 2, as well as the Court's Order directing a response to Defendant's Status Report. In any event, Defendant represented that it was seeking no additional discovery from Plaintiff and instead would be seeking the remaining missing discovery through other means of discovery.

## DISCUSSION

Defendant primarily seeks sanctions in accordance with Federal Rule of Civil Procedure 37. Rule 37 gives district courts broad discretion to fashion appropriate sanctions for violations of discovery rules and orders. *See* Fed. R. Civ. P. 37(b)(2); Fed. R. Civ. P. 37(d)(3); *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *Properties Intern. Ltd. v. Turner*, 706 F.2d 308, 310 (11th Cir. 1983) ("It is settled law that the imposition of sanctions for failure to provide discovery rests with the sound discretion of the district court and will not be

overturned absent abuse of that discretion."). Sanctions under Rule 37 can be imposed for a variety of purposes, including: "1) compensating the court and other parties for the added expense caused by the abusive conduct; 2) compelling discovery; 3) deterring others from engaging in similar conduct; and 4) penalizing the guilty party or attorney." *See Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1453 (11th Cir. 1985) (citations omitted).

Defendant believes that because Plaintiff has not satisfied the attorney's fees judgement issued against it over two years ago, a sanction of attorney's fees, although warranted, would be ineffective. *See Malautea*, 987 F.2d at 1544 ("When lesser sanctions would be ineffective, Rule 37 does not require the vain gesture of first imposing those ineffective lesser sanctions."). Thus, Defendant requests that in addition to an award of attorney's fees, the Court amend the dismissal in this case from a dismissal without prejudice to a dismissal with prejudice. These requests will be addressed separately.

**Attorney's Fees**

Rule 37 provides somewhat different remedies for discovery violations depending on whether those violations occur due to a party's failure to respond to discovery requests, in the context of an order granting or denying a discovery motion, or when a party disobeys a discovery order. *See* Fed. R. Civ. Pro. 37. For example, Rule 37(d) provides that if a party fails to serve answers or objections to interrogatories, the court may order sanctions, and that "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award unjust." *See* Fed. R. Civ. Pro. 37(d)(3).

Likewise, Rule 37(a) states that if a motion for an order compelling discovery is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the movant failed to confer in good faith prior to filing the motion, the respondent's conduct was substantially justified, or other circumstances make an award of expenses unjust. *See* Fed. R. Civ. Pro. 37(a)(5)(A). When a motion related to discovery is granted in part and denied in part, the court may "apportion the reasonable expenses for the motion." *See* Fed. R. Civ. Pro. 37(a)(5)(C). And when such a motion is denied, it is the movant that can be subject to expenses. *See* Fed. R. Civ. Pro. 37(a)(2)(B).

In contrast to Rule 37(a), Rule 37(b) deals with a party's failure to comply with a court order, irrespective of whether the order was entered in response to another party's motion. Rule 37(b) provides that a party who fails to comply with a discovery order may be sanctioned in a variety of ways, including being found liable for reasonable expenses. Like in 37(a) and (d), attorney's fees may be awarded under Rule 37(b) against "the disobedient party, the attorney advising the party, or both . . . unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See* Fed. R. Civ. Pro. 37(b)(2)(C); *see also Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1160 (11th Cir. 1993) ("Rule 37 subsections (a) and (b) permit the court to impose sanctions upon a party or its attorneys or both and establish no preference between these options.").

Although Rule 37 does not provide a list of circumstances in which is it proper to sanction the attorney rather than the party, the Supreme Court has indicated that Rule 37 sanctions should "penalize those whose conduct may be deemed to warrant such a sanctions

[and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). A sanction against an attorney is justified when "unnecessary litigation has resulted from the undue neglect of plaintiff's counsel." *See Butler v. Pearson*, 636 F.2d 526, 531 (D.C. Cir. 1980). And although the "rule does not use the phrase law firm," Federal courts frequently award Rule 37 sanctions against both the attorney personally and the attorney's law firm. *See Procaps S.A. v. Patheon Inc.*, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (providing a discussion of who should be liable for a Rule 37 fee award).

In this case, all three of the above described subsections to Rule 37 are implicated. First, Plaintiff's counsel, Geoffrey S. Harper, admitted that Plaintiff's initial delay in production is attributable to his personal issues[3] and his firm's oversight (DE 118, p. 5 ("[T]he delay was caused by Nukote's counsel, not Nukote.")). In all likelihood, this oversight necessitated Defendant's filing of the instant Motion; had Plaintiff's counsel timely addressed Defendant's requests, it is possible that the parties could have worked out Plaintiff's objections without the need for court intervention. Accordingly, despite the fact that the request to compel was granted in part and denied in part at the first hearing (which might suggest that apportionment of expenses under Rule 37(a)(5)(C) is more appropriate), awarding Defendant its fees and costs attributable to drafting the Motion (DE 112, 113), Supplemental Brief (DE 115) and Reply (DE 121), and arguing at the July 31 hearing is justified under Rule 37(d) and Rule 37(a).

---

[3] Although the Court is sympathetic to counsel's personal hardships, those hardships are no excuse where thirteen attorneys have made an appearance on Plaintiff's behalf in this case. *See Jones v. Graham*, 709 F.2d 1457, 1462 (11th Cir. 1983) (finding that although a failure to respond to a status order could have been justified by the unexpected hospitalization of plaintiffs' lead counsel, "[w]hat was not justified was the failure by any of plaintiffs' other attorneys—there were four attorneys of record—to inform the court of counsel's incapacity and to request relief from the deadline before it passed").

Likewise, Plaintiff's counsel admitted that his failure to file a response to Defendant's Status Report, despite being specifically ordered by the Court to do so (DE 132), is attributable to a similar glitch in firm protocol that caused the original delay in production (DE 136). Had Plaintiff filed a response as originally ordered, the third hearing would likely not have been necessary. The fact that Plaintiff's counsel was aware of the earlier oversight yet missed a subsequent deadline suggests that sanctions are especially appropriate. Thus, the Court finds that, pursuant to Rule 37(b), Defendant is entitled to an award of its fees and costs incurred in attending and preparing for the sanctions hearing on October 30.

Because Plaintiff's counsel, instead of Plaintiff itself, is admittedly responsible for the two instances of negligence detailed above, Plaintiff should not be penalized. *See Butler*, 636 F.2d at 531 ("[T]he concept of proportionality demands that plaintiffs not be unfairly penalized for negligence of their attorney."). Instead, holding Plaintiff's counsel liable for these fee awards is appropriate. *See Butler*, 636 F.2d at 531; *see also Devaney*, 989 F.2d at 1160 ("[A] motion for sanctions under Rule 37, even one which names only a party, places both that party and its attorney on notice that the court may assess sanctions against either or both . . . ."). Because the blame is not solely attributable to Plaintiff's lead attorney Mr. Harper, but is also attributable to his firm, Fish & Richardson, P.C., insofar as other attorneys in the firm were tasked with reviewing files while Mr. Harper was dealing with personal issues, assessing the award jointly and severally against Mr. Harper and Fish & Richardson P.C. is appropriate.

With the exception of the instances of negligence described above, the Court believes that Plaintiff's conduct in this matter is substantially justified. "The Supreme Court has clarified that an individual's discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of

the contested action.'" *Devaney*, 989 F.2d at 1163 (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Under this standard, the undersigned notes that the Court has previously found that Plaintiff "had some legitimate arguments about the attenuated nature of [Defendant's discovery] requests" (DE 129, p. 18). Furthermore, Defendant waited to seek discovery in aid of execution of the judgment issued in this case until more than two years after the judgment was entered, during which time Plaintiff has been out of business. Because of Defendant's delay, many of the documents related to the discovery requests were not kept in a readily accessible format, if kept at all, and many of the people with knowledge were no longer under Plaintiff's control. Thus it is understandable that Plaintiff had to undertake significant time and effort to provide appropriate discovery responses, and Defendant cannot be substantially prejudiced by a few months where it waited more than two years to propound discovery requests.[4]

**Dismissal with Prejudice**

The Eleventh Circuit has stated that severe sanctions, such as dismissal with prejudice, "require[] a willful or bad faith failure to obey a discovery order" and that "[v]iolation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *See Malautea*, 987 F.2d at 1542. "[T]he severe sanction of a dismissal . . . is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Id.*; *see also Maus v. Ennis*, 2013 WL 1150140,

---

[4] As to prejudice, the Court notes that Plaintiff's non-compliance with discovery obligations did not prejudice Defendant beyond the expenses incurred in the discovery dispute; in fact, Defendant admitted that it will seek the remaining discovery from other sources. Without a stronger showing of prejudice, severe sanctions are inappropriate. *See Wouters v. Martin Cnty., Fla.*, 9 F.3d 924, 934 (11th Cir. 1993) (stating that dismissal with prejudice was an improper sanction where, *inter alia*, the moving party was not prejudiced because it obtained proper and complete answers through other means); *see also Ford v. Fogarty Van Lines, Inc.*, 780 F.2d 1582, 1583 (11th Cir. 1986) (reversing a dismissal with prejudice where the movant failed to show that "it was prejudiced in such a manner as to require dismissal with prejudice").

at *4 (11th Cir. Mar. 20, 2013); *Hutchinson v. Florida*, 677 F.3d 1097, 1110 (11th Cir. 2012). Furthermore, dismissal with prejudice is more appropriate in a case where the party, as opposed to counsel, is at fault. *See Gratton v. Great Am. Commc'ns.*, 178 F.3d 1373, 1375 (11th Cir. 1999).

Defendant believes that dismissal with prejudice is appropriate in this case given that an additional monetary award is unlikely to be effective at this stage in the proceedings. Yet because much of the sanctionable conduct in this case is attributable to Plaintiff's counsel, awarding monetary sanctions against Plaintiff's counsel is the most judicious resolution, as such a sanction will compensate Defendant for the added expense caused by Plaintiff's discovery abuses, deter others from engaging in similar conduct, and properly penalize the offender. *See Carlucci*, 775 F.2d at 1453.

Because a less drastic sanction is available, the sanction of dismissal with prejudice is inappropriate. *See Malautea*, 987 F.2d at 1542; *Wouters,* 9 F.3d at 934 (stating that it would be an abuse of discretion to impose dismissal as a Rule 37 sanction where "less drastic sanctions would suffice.").

## CONCLUSION

In conclusion, **IT IS HEREBY RECOMMENDED THAT** Plaintiff's Motion for Sanctions (DE 112) be **GRANTED in part and DENIED in part** as follows:

Plaintiff's attorney, Geoffrey S. Harper, and his law firm, Fish & Richardson, P.C., should be jointly and severally liable to Defendant for its reasonable attorney's fees and costs incurred in bringing and supporting the initial Motion (DE 112), including fees and costs incurred in attending the discovery hearing on July 31. Mr. Harper and Fish & Richardson

should also be jointly and severally liable for the fees incurred by Defendant in relation to preparing for and attending the sanctions hearing on October 30. Neither Plaintiff nor its counsel is liable for Defendant's fees related to filing the August 25 Supplemental Brief (DE 125) or the October 10 Status Report (DE 131), or for preparing for or attending the hearing on August 29.

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, Senior United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that "within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); *see also* Fed. R. Civ. P. 72(b) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy.") Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** this 6th day of November, 2014, at West Palm Beach in the Southern District of Florida.

*/s/ James M. Hopkins*
JAMES M. HOPKINS,
UNITED STATES MAGISTRATE JUDGE