UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CV-82363-DTKH

NUKOTE INTERNATIONAL, INC.,

    Plaintiff,

v.

OFFICE DEPOT, INC.,

    Defendant.
_____/

ORDER ADOPTING MAGISTRATE'S RECOMMENDATION, AND
GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO COMPEL AND FOR SANCTIONS

**THIS CAUSE** comes before the Court upon the Report and Recommendation of Magistrate Judge James M. Hopkins [ECF No. 137] on Defendant Office Depot, Inc.'s Motion to Compel and for Sanctions Against Plaintiff Nukote International, Inc. [ECF No. 112]. The Court referred Defendant's Motion for final disposition on its request to compel and for a report and recommendation on its request for sanctions [ECF Nos. 117, 120]. On July 31, 2014, Judge Hopkins entered an order on the request to compel and deferred ruling on the request for sanctions [ECF No. 123]. Judge Hopkins has now entered his Report and Recommendation on the request for sanctions, recommending the Court grant in part and deny in part Defendant's Motion. Plaintiff has filed its objection, and Defendant has filed its response. [ECF No. 139].

The Court must review the Report's legal conclusions, as well as any objected to portions, *de novo*. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); *LeCroy v. McNeil*, 397 Fed. App'x 664 (11th Cir. 2010). The Court must be satisfied that there is "no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's notes (1983); *Macort v. Prem, Inc*,

208 Fed. App'x 781, 784 (11th Cir. 2006). Having performed the required review, the Court will overrule Plaintiff's objections, and adopt the Report in its entirety.

## BACKGROUND

This case came before the Court on October 2, 2009, following a motion to withdraw reference from United States Bankruptcy Court. On April 27, 2010, Plaintiff Nukote voluntarily dismissed its case against Defendant Office Depot without prejudice. Thereafter, per a contract between the parties, the Court held Plaintiff liable to Defendant for its attorney's fees. *See* July 14, 2011 Orders [ECF No. 100–101]; April 12, 2012 Orders [ECF Nos. 110–11].

On May 2, 2014, Defendant served Plaintiff with discovery requests in aid of execution. Plaintiff's lead counsel, Geoffrey Harper, a principal of the law firm Fish & Richardson P.C. (collectively "Plaintiff's Counsel"), was e-mailed a copy of the requests.[1] Plaintiff, however, did not respond.

On June 9, 2014 Defense Counsel, C. Bryan Wilson of Williams & Connolly, LLP, e-mailed John Sanders of Fish & Richardson to ask about Plaintiff's failure to respond. After a meet-and-confer call, another lawyer from Williams & Connolly e-mailed Mr. Sanders to confirm that Defendant would extend Plaintiff's deadline until June 23, 2014. On Monday, June 23, 2014, Mr. Sanders e-mailed Mr. Wilson to explain that Plaintiff's computer servers were down. Mr. Sanders stated that Mr. Harper "has been working with them [Plaintiff] and we should be all set by Wednesday [June 25, 2014]." On June 26, 2014, having not received the requested production, Mr. Wilson e-mailed Mr. Sanders and Mr. Harper notifying them it planned to seek an order from the court. Mr. Harper responded to Mr. Wilson, writing that "the

---

[1]Response to Objection, Ex. 2, 4:6–7 (Mr. Harper to Judge Hopkins, explaining that "it was e-mailed to me.").

client is moving slower than [he] expected." Mr. Harper then wrote as follows: "Based on your missive below, it does not seem that a plea for patience will be effective. So, instead, let me say this: I will have answers to the discovery in your hands by the close of business tomorrow [June 27, 2014]." At the close of business on June 27, 2014, Defendant had not received the responses.

### DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS

On July 1, 2014, Defendant filed its present Motion to Compel and for Sanctions Against Plaintiff Nukote International, Inc. ("Defendant's Motion") [ECF No. 113], seeking sanctions pursuant to Federal Rule of Civil Procedure 37. The Court referred Defendant's request to compel to Judge Hopkins for final disposition, and referred Defendant's request for sanctions to Judge Hopkins for a report and recommendation. In its motion, Defendant seeks an order from the Court amending the dismissal from without prejudice to dismissal with prejudice, and to recover the fees and expenses incurred in filing its motion.

Judge Hopkins held three hearings on Defendant's Motion. At the first hearing, held on July 31, 2014, Judge Hopkins granted in part Defendant's motion to compel. He found Plaintiff's discovery responses deficient, and ordered Plaintiff to supplement them. Plaintiff then supplemented the responses, but the parties disputed whether Plaintiff fully complied. Accordingly, Judge Hopkins held a second hearing. At the second hearing, held on August 29, 2014, Judge Hopkins again ordered Plaintiff to supplement its production ("Order to Supplement"). Thereafter, to evaluate the sufficiency of Plaintiff's supplement, Judge Hopkins ordered Defendant to file a status report, which it did, and for Plaintiff to file a response ("Order to Respond"), which it did not. Defendant's status report stated that Plaintiff had failed to comply with Judge Hopkins' Order to Supplement. Accordingly, Judge Hopkins issued a show cause order as to why sanctions should not be imposed against Plaintiff ("Show Cause Order").

3

On October 30, 2014, Judge Hopkins held a third hearing on sanctions. He then issued his Report.

## THE REPORT AND RECOMMENDATION

The Report recommends that the Court grant in part and deny in part Defendant's motion for sanctions. In granting the motion, the Report recommends that Plaintiff's Counsel be held jointly and severally liable to Defendant for its reasonable attorney's fees and costs related to the present motion. In denying the motion, the Report recommends the Court reject Defendant's request to convert the dismissal of the case without prejudice to one with prejudice.

In making these recommendations, the Report relies on Federal Rule of Civil Procedure 37. In relevant part, Rule 37 has three subsections: (a), (b), and (d). Subsection (a) authorizes motions to compel; subsection (b) regulates obedience to discovery orders; and subsection (d) regulates compliance with discovery requests. Under subsection (a), which authorizes motions to compel, if the motion to compel is granted, the court "must" order the party necessitating the motion, its attorney, or both, to pay the movant's expenses "incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A). Under subsection (b), which regulates obedience to discovery orders, if a party fails to comply with a discovery order, the court "must" order the failing party, its attorney, or both, to pay the expenses "caused by the failure" to obey. Fed .R. Civ. P. 37(b)(2)(C). Under subsection (d), which regulates compliance with discovery requests, the court "must" order the noncompliant party, its attorney, or both to pay the expenses "caused by the failure" to comply. Fed. R. Civ. P. 37(d)(3). The Report invokes all three subsections.

First, the Report invokes subsection (a), which authorizes motions to compel, and subsection (d), which regulates compliance with discovery requests, to recommend that the Court order Plaintiff's Counsel to pay the expenses incurred by Defendant in drafting its Motion to

4

Compel and for Sanctions [ECF No. 112, 113], in drafting its Supplemental Brief [ECF No. 115] and Reply [ECF No. 121], and in arguing the July 31, 2014 motions hearing.  According to the Report, had Plaintiff's Counsel not caused Plaintiff's delay in production, "it is possible that the parties could have worked out [Defendant's] objections without the need for court intervention."  R & R at 7.  As Rule 37(a) and (d) requires, Defendant's expenses in drafting the Motion to Compel and for Sanctions, in drafting its Supplemental Brief, and in arguing the July 31, 2014 motions hearing were expenses "incurred in making the motion," Fed. R. Civ. P. 37(a)(5)(A), and "caused by the failure" to comply with Defendant's discovery requests, Fed. R. Civ. P. 37(d)(3).

Second, the Report invokes subsection (b), which regulates obedience to discovery orders, to recommend that the Court order Plaintiff's Counsel to pay the expenses incurred by Defendant in arguing the October 30, 2014 sanctions hearing.  According to the Report, had Plaintiff's Counsel obeyed Judge Hopkins' Order to Respond, the October 30, 2014 sanctions hearing "would likely not have been necessary."  R & R at 8.  As Rule 37(b) requires, Defendant's expenses in arguing the October 30, 2014 sanctions hearing were expenses "caused by the failure," Fed. R. Civ. P. 37(b)(2)(C), to obey Judge Hopkins' Order to Respond.

## **OBJECTIONS**

Plaintiff's Counsel makes two objections to the Report.  First, Plaintiff's Counsel argues that the Report relies on the Court's inherent powers, not Rule 37, and, therefore, Judge Hopkins failed to provide Plaintiff's Counsel the procedural protections that must precede its use.  Second, Plaintiff's Counsel argues that the Report's recommendations are improper, as the Report fails to identify which aspect of Plaintiff's Counsel's conduct is sanctionable, did not give notice to Plaintiff's Counsel that it could be sanctioned, that it sanctions proper, not improper,

5

conduct, and finally, that it recommends the imposition of too great an award.  Upon a *de novo* review, the Court will overrule all these objections.

### A. OJBECTION 1: LACK OF AUTHORITY

The Court overrules Plaintiff's first objection, that the Report relies on the Court's inherent power, not Rule 37.  Plaintiff's specific objection is as follows:  Rule 37(b)—regulating obedience to discovery orders— does not provide the Court the power to sanction Plaintiff's Counsel for failure to obey Judge Hopkins' Order to Respond.  As stated in the Rule, Rule 37(b) requires a party to obey only the following orders: "an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)."  Fed. R. Civ. P. 37(b)(2)(A).  An "order to provide or permit discovery" defines itself; an order under Rule 26(f) is a conferral order; an order under Rule 35 is an order for a physical and mental examination; and an order under Rule 37(a) is an "order compelling disclosure or discovery."  Plaintiff's Counsel argues that none of the orders listed in Rule 37(b) include an order, like the order here, to respond to a status report.

The Court overrules this objection, for it misinterprets Rule 37(b).  Rule 37(b) applies when a party does not obey an order to provide discovery.  Judge Hopkins' Order to Supplement was such an order.  Rule 37(b) also applies to an order which allows the Court to enforce, or evaluate compliance with, an order to provide discovery.  The Order to Respond was such an order.  If Rule 37(b) did not provide the Court this power, then the Rule would not provide the Court the means of enforcement.   Furthermore, "the basic facts of the nature of this dispute should not be lost in a detailed legal analysis of which federal rule of civil procedure is the most appropriate vehicle for the district court's sanctions order."  *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1556 (10th Cir. 1996).  More appropriately, "the focus in this case should be on the

6

[] lengthy noncompliance" with Defendant's requests for discovery. *Id.* Accordingly, the Court overrules this objection.

**B. OBJECTION 2: IMPROPER RECOMMENDATIONS**

As stated above, Plaintiff's Counsel's second objection, that the Report's recommendations are improper, has four parts. First, Plaintiff objects to the Report's failure to identify which aspect of Plaintiff's Counsel's conduct was sanctionable. The Court overrules this objection, for the Report does indeed make this identification. In invoking Rule 37(a) and (d) to impose sanctions, the Report identifies Plaintiff's "initial delay in production" as the sanctionable conduct. R & R at 7. In invoking Rule37(b) to impose sanctions, the Report identifies the "failure to file a respond to Defendant's status report" as the sanctionable conduct. R & R at 8. Plaintiff's Counsel's initial delay beginning May 2, 2014, which caused the filing and arguing of Defendant's Motion, and Plaintiff's Counsel's failure to respond to the Order to Respond, which caused the need for the sanctions hearing, are Plaintiff's Counsel's sanctionable conduct.

Second, Plaintiff's Counsel objects that Judge Hopkins failed to give notice to Plaintiff's Counsel that it would be sanctioned. Again, the Court overrules this objection. Judge Hopkins did not issue his report *sua sponte*, but instead upon Defendant's Motion. And, "a motion for sanctions under Rule 37, even one which names only a party, places both that party and its attorney on notice that the court may assess sanctions against either or both . . . ." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1160 (11th Cir. 1993). Plaintiff's Counsel's argument from lack of notice is therefore unfounded.

Third, Plaintiff's Counsel objects that the Report sanctions proper conduct. Specifically, Plaintiff's Counsel objects that the Report makes no finding of the "bad faith" required to impose

sanctions. Again, the Court overrules this objection. A finding of "bad faith" is necessary for the Court to impose sanctions through its inherent power. But, as stated above, the Report recommends sanctions imposed through Rule 37, under which the Court need only find that the misconduct was not "substantially justified" or that sanctions would not be "unjust," Fed. R. Civ. P. 37(a)(5)(A)(ii); Fed. R. Civ. P. 37(b)(2)(C); Fed. R. Civ. P. 37(d)(3). Unlike sanctions against an attorney through 28 U.S.C. § 1927 or the Court's inherent power, in which the court must make a finding of "bad faith," *see Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1260 (11th Cir. 2006); *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1320 (11th Cir.2002), Rule 37 has no such requirement, *see Devaney v. Continental American Ins. Co.*, 989 F.2d 1154 (111th Cir. 1993) (rejecting the argument "that Rule 37 requires the court to make a finding of bad faith before it may impose sanctions upon an attorney"). Instead, "the 1970 amendments [to Rule 37] were specifically enacted to eliminate the possibility that a bad faith requirement would be read into the rule, and they contain no suggestion that bad faith should remain a prerequisite when an attorney, as opposed to a client, is subjected to sanctions." *Id.* at 1162; *see also Carlson v. Bosem*, No. 06-13904, 2007 WL 1841067, at *2 (11th Cir. June 28, 2007) ("Defendants' contention that the district court was required to find that Dr. Bosem and his lawyer had acted in bad faith before ordering sanctions against them is also without merit.") (citing *Devaney*, 89 F.2d at 1162); *cf. Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995) ("If the attorney failed to make a reasonable inquiry, then [under Rule 11] the court must impose sanctions despite the attorney's good faith belief that the claims were sound."). Here, Plaintiff's Counsel gives no justification for its conduct but repeated oversight. As Mr. Harper advised Judge Hopkins: "You know, I am not disputing that that was perfectly proper service because they also sent it to our local counsel, but we just plain, you know, missed it. No one calendared

8

it and we missed it." Response to Objection, Ex. 2 at 4:8–11.  Again, when Judge Hopkins entered his Order to Respond, Plaintiff's Counsel repeated their previous oversight.  As Mr. Harper explained to Judge Hopkins: "Unfortunately, Your Honor, the same thing happened with your court order . . . . I didn't notice it, and my secretary, for one reason or another, was not copied on that, nor anyone else in our firm."  *Id.*, Ex. 4 at 20:7–11.  Judge Hopkins found no substantial justification for this firm oversight.  To note, the Report does not sanction Plaintiff's Counsel for Plaintiff's insufficient responses.  For, to do so might have unjustly caused Plaintiff's Counsel to serve as a guarantor for a Plaintiff's deficiency.[2]  Instead, the Report sanctions Plaintiff's Counsel for its repetitive oversight.  Such a sanction is not unjust.

Finally, Plaintiff objects that the Report recommends too severe of sanctions.  The Court overrules this objection as well.  The sanctions recommended by the Report are no more than required by Rule 37.  Under Rule 37(a), "the court . . . *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the

---

[2] The Eleventh Circuit, however, may place such responsibilities upon an attorney.  "Neither the language nor the purpose of Rule 37" require that "a trial court may impose sanctions upon an attorney under Rule 37 only after making a specific finding that the attorney instigated discovery misconduct. *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1161 (11th Cir. 1993).  Instead, the Rule

> instructs that when an attorney advises a client in discovery matters, he assumes a responsibility for the professional disposition of that portion of a lawsuit and may be held accountable for positions taken or responses filed during that process. Sanctions exist, in part, to remind attorneys that service to their clients must coexist with their responsibilities toward the court, toward the law and toward their brethren at the bar.

*Id.* at 1162.

motion, including attorney's fees." Fed. R. Civ. 37(a)(5)(A) (emphasis added).  Under Rule 37(b), "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ." Fed. R. Civ. P. 37(b)(C) (emphasis added).  And, under Rule 37(d), "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ." (emphasis added).  The Report's recommendations therefore accord with the requirements of Federal Rule of Civil Procedure 37.

**PLAINTIFF'S COUNSEL'S LIABILITY**

Upon *de novo* review, the Court finds the Report's recommendation to hold Plaintiff's Counsel jointly and severally liable for reasonable expenses, and not Plaintiff, to be sound and well-supported.  Again, it is not Plaintiff whose conduct the Report sanctions.  It is Plaintiff's Counsel.  Plaintiff was not responsible for Plaintiff's Counsel's oversight.  Although Plaintiff was responsible for its delays or inability to produce sufficient responses, it was not responsible for the two instances of sanctionable conduct.  The "initial delay" in discovery was due to Plaintiff's Counsel's oversight.  So too was the failure to respond to the Order to Respond.  For these reasons, the Court will adopt the recommendation to impose sanctions against Plaintiff's Counsel, and not Plaintiff.

The Court also agrees with the Report that a conversion of the dismissal without prejudice to a dismissal with prejudice would be inappropriate.  The severe sanction of a dismissal with prejudice requires a showing of bad faith.  *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993).  "Dismissal with prejudice is the most severe Rule 37 sanction and is not favored . . . [b]ut, dismissal may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault." *Id.*  Because dismissal with prejudice "is so drastic," it should be

imposed only if "lesser sanctions would not suffice." *E.g., Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993) (applying Fed. R. Civ. P. 41(b)). Here, Judge Hopkins made no finding of bad faith, and also found that the lesser sanction of expenses would suffice. "[B]ecause much of the sanctionable conduct in this case is attributable to Plaintiff's [C]ounsel, awarding monetary sanctions against Plaintiff's [C]ounsel is the most judicious resolution, as such a sanction will compensate Defendant for the added expense caused by Plaintiff's discovery abuses, deter others from engaging in similar conduct, and properly penalize the offender." R & R at 10; *see also* Response to Objection, Ex. 4 at 3:17 ("It seems to me that there has not been a showing that the plaintiff has acted willfully in bad faith, and other than the expense involved in the defendant's efforts to get compliance is certainly a prejudice, I haven't seen any other prejudice. So on that basis I am disinclined to recommend dismissal with prejudice . . . .") (Hopkins, J.). Because the Court agrees with Judge Hopkin's finding, it will not convert the dismissal without prejudice to a dismissal with prejudice.

**CONCLUSION**

For the aforementioned reasons, it is hereby **ORDERED** and **ADJUDGED** that:

1. The Report and Recommendation of Magistrate Judge James M. Hopkins [ECF No. 137] is **ADOPTED** in its entirety and incorporated herein by reference.

2. Defendant Office Depot, Inc.'s Motion to Compel and for Sanctions Against Plaintiff Nukote International, Inc. [ECF No. 112] is **GRANTED IN PART AND DENIED IN PART**.

> Geoffrey S. Harper and Fish & Richardson, P.C., **SHALL BE** jointly and severally liable to Defendant for its reasonable attorney's fees and costs incurred in drafting its Motion to Compel and for Sanctions [ECF No. 112,

Case 9:09-cv-82363-DTKH   Document 147   Entered on FLSD Docket 01/06/2015   Page 12 of 12
Order Adopting R&R
*Nukote v. Office Depot*, No. 9-cv-82363-DTKH

113], drafting its Supplemental Brief [ECF No. 115] and Reply [ECF No. 121], arguing the July 31, 2014 motions hearing, and arguing the October 30, 2014 hearing.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 6th day of January, 2015.

                                                Daniel T. K. Hurley
                                              United States District Judge

*Copies provided to counsel of record*